# EXHIBIT A

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**25CV08358**
**A. GREGORY POOLE**
**OCT 28, 2025 08:44 AM**

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **Demond Crump, Jr. and** ) | |
| **Jewel Sanitary Napkins, LLC,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION FILE NO.:** |
| ) | |
| ) | _____ |
| **Cumberland Mall, LLC, CBRE Group, Inc.** ) | |
| **Brookfield Corporation, Brookfield** ) | |
| **Properties, LLC, Brookfield Property** ) | |
| **Partners, LP and Brookfield Properties** ) | |
| **Retail, Inc.,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiffs, Demond Crump, Jr. and Jewel Sanitary Napkins LLC (hereinafter collectively, "Plaintiffs"), by and through the undersigned counsel, hereby file this Complaint against Defendants, Cumberland Mall, LLC (hereinafter "Cumberland Mall"), CBRE Group, Inc., Brookfield Corporation, Brookfield Properties, LLC, Brookfield Property Partners, LP and Brookfield Properties Retail, Inc. (hereinafter collectively "Defendants"), Foreign Limited Liability Companies, as owners, operators, lessors and/or administrators of Cumberland Mall and show the Court as follows:

### INTRODUCTION

This is an action that comes under, inter alia, Title III of the Americans with Disabilities Act ("the ADA") alleging barriers to and or equal access at Defendants' place of public accommodation, the retail establishment known as Cumberland Mall. Upon information and belief,

Defendants are the proper defendants with respect to the premises, Cumberland Mall, as they are owners, operators, lessors and/or administrators thereof. The subject premises, as a public facility or a private facility used by and open to the public, is a place of public accommodation as defined by the ADA. It includes parking, approaches and entrances, paths of travel, facilities, stores, toilets, restaurants and other public accommodation and services covered by the ADA.

## JURISDICTION AND VENUE

1.

Cumberland Mall, LLC is a foreign corporation which is duly qualified to conduct business in the state of Georgia and is subject to the jurisdiction of this Court.

2.

CBRE Group, Inc. is a foreign corporation which is duly qualified to conduct business in the state of Georgia and is subject to the jurisdiction of this Court.

3.

Brookfield Corporation is a foreign corporation which is duly qualified to conduct business in the state of Georgia and is subject to the jurisdiction of this Court.

4.

Brookfield Properties, LLC is a foreign corporation which is duly qualified to conduct business in the state of Georgia and is subject to the jurisdiction of this Court.

5.

Brookfield Property Partners, LP is a foreign corporation which is duly qualified to conduct business in the state of Georgia and is subject to the jurisdiction of this Court.

6.

Brookfield Properties Retail, Inc. is a foreign corporation which is duly qualified to conduct business in the state of Georgia and is subject to the jurisdiction of this Court.

7.

Venue is proper in this Court.

## PARTIES

8.

At all times material hereto, Demond Crump, Jr. (hereinafter "Plaintiff"), was a resident of the State of Georgia and suffered from a qualified disability, Cerebral Palsy, in this State. Due to his disability[1], Plaintiff is significantly impaired in several major life activities and requires an electronic and motorized wheelchair as his primary means of communication and mobility. At all times material hereto, Jewel Sanitary Napkins, LLC, is a limited liability company duly qualified to conduct business in the state of Georgia.

9.

Defendants, Cumberland Mall, LLC, CBRE Group, Inc., Brookfield Corporation, Brookfield Properties, LLC, Brookfield Property Partners, LP and Brookfield Properties Retail, Inc., are foreign limited liability companies that conduct business, by and through Cumberland Mall, in Cobb County, Georgia. Defendants serve as owners, operators, lessors and/or administrators of Cumberland Mall, the subject property where Plaintiffs' rights were unlawfully violated. Defendants are authorized to, and do, transact and conduct business in the State of Georgia, and specifically in this judicial district.

---

[1] Plaintiff Demond Crump, Jr. is deemed disabled in accordance with the promulgated policies of the Social Security Administration.

## COUNT ONE

## VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

10.

The building or facility at issue, Cumberland Mall, is a public accommodation subject to the provisions of Title III of the ADA, and it must be in compliance therewith.

11.

Defendants discriminated against Plaintiff Demond Crump, Jr. by denying him full and equal access to, and the full and equal enjoyment of, the goods, services, facilities, privileges, advantages, and/or accommodations at its facility in derogation of 42 U.S.C. § 12181 et seq., and as prohibited by 42 U.S.C. § 12181 et seq., by unlawfully forcing Plaintiff's removal and/or eviction from the subject property due to Plaintiff's disability and physical handicap.

12.

Plaintiff Demond Crump, Jr., was unable to gain access to and enjoy the full benefits of the goods and services purported to be provided at the subject location, which is owned, operated, administered and maintained by Defendants. Prior to filing the instant action, and within the applicable limitations period, Plaintiff Demond Crump, Jr. visited the subject property and was denied full and safe access to the benefits, accommodations, and services otherwise afforded to persons who do not suffer from any disability. Plaintiff's access was inhibited by, and Plaintiff personally encountered, the barriers to access, detailed hereinafter, which barriers resulted in Plaintiff's unlawful eviction and/or removal from the premises, in violation of all relevant and applicable laws. As a proximate result of Defendants' actions, Plaintiff suffered injury in fact in precisely the manner and form which the ADA was enacted to safeguard against.

13.

Plaintiff continues to desire access to the subject facility but was mentally and emotionally damaged as a result of Defendants' discrimination on account of the barriers to access erected during his visit to the subject facility. Absent remedial actions by Defendants, Plaintiff, should he decide to visit the facility in the future, for a similar purpose, would expect to once again encounter the barriers described herein, and, as a result, would continue to be discriminated against by Defendants on the basis of his disability. Plaintiff has been discriminated against and has reasonable grounds to believe he will continue to suffer discrimination in the future, because of Defendants' continuing, deliberate and knowing violations of the ADA.

14.

Defendants acted in violation of 42 U.S.C. § 12181 et seq., and, consequently, Plaintiff Demond Crump, Jr. was denied access as a result of the following specific actions:

a. Plaintiff is thirty-two years of age and suffers from Cerebral Palsy, a neurological disorder that affects movement, balance, and posture;

b. As a result of Plaintiff's condition from Cerebral Palsy, he has disabilities which limit his physical abilities as well as his speech; consequently, Plaintiff relies significantly on a motorized/computerized wheelchair which aids him in his movement and speech;

c. Plaintiff, along with his mother and father (hereinafter "The Family"), arrived at Cumberland Mall on the morning of Friday, July 11, 2025;

d. The Family was at Cumberland Mall for the purpose of setting up a booth to display products from their business, which sells premium feminine products.[2] That weekend, coincidentally, coincided with the Major League Baseball's (MLB) All-Star weekend taking place at the Atlanta Braves Battery Park baseball stadium, located less than a mile away from the mall;

e. Upon arrival at Cumberland Mall, Qiana Crump, Plaintiff's Desmond Crump, Jr.'s mother (and wife to Demond Crump, Sr.), exited The Family's vehicle and went into the mall to locate their vending space within the mall;

f. Thereafter, Demond Crump, Sr. assisted Plaintiff in getting out of The Family vehicle and together, they went into the mall and located Qiana Crump at their assigned vending space;

g. After situating Plaintiff with Qiana Crump, Demond Crump, Sr. went back to The Family vehicle to begin the process of unloading their business products for display at their booth site, which was dictated to The Family by the mall and/or the mall's representative;

h. Demond Crump, Sr., while in the process of unloading The Family vehicle, on his third trip back into the mall, was informed by Qiana Crump (his wife and mother to Plaintiff Crump, Jr.) that the mall manager, Chris McCoy, did not want Plaintiff, their son, who works with and is essential to the business, to be in the mall;

---

[2] The Family, in cohort with Morehouse College, entered and won a business pitch competition. The Family, thereafter, was rewarded with a vending opportunity, to display and sell their business products at Cumberland Mall.

i. Demond Crump, Sr., then spoke with Chris McCoy, the general manager of Cumberland Mall, and was informed, by Mr. McCoy, that while he and his wife could stay, their son had to go;

j. Chris McCoy, Cumberland Mall's general manager, gave no reason or explanation for his statement or this turn of events. He simply stated that while Demond Crump, Sr. and his wife, Qiana Crump, could stay, their son, Demond Crump, Jr. had to go;

k. Upon hearing that his son was not welcome and was being evicted and forced to leave the mall, by the mall's general manager, Demond Crump, Sr. attempted to explain that Crump, Jr. is his son and is integral to the business. Additionally, Demond Crump, Sr. explained that either he or his wife would be with Crump, Jr. at all times and that he would not be a problem;

l. However, Chris McCoy, the mall's general manager, cut Crump, Sr. off, mid-speech, and continued to do so as Mr. Crump tried to speak with him to understand why he was being told that his son needed to leave the premises;

m. Finally, Demond Crump, Sr. told Chris McCoy, the mall's manager, that the eviction of his disabled son from the mall, because of his disability, was not right and was illegal. Chris McCoy responded that he and his wife could also leave and that they could file whatever complaint they wanted to file;

n. Upon hearing Chris McCoy's statement, and based on how he and his family were treated by Chris McCoy, Demond Crump, Sr. and Qiana Crump commenced packing up their products, to leave the premises;

o. Chris McCoy, the mall's general manager, watched The Family pack their business items and belongings and at no point provided them with any explanation regarding

     why their son, was not welcome and why they were being told that he needed to leave;

p.    Based on what occurred and what was said to the Crumps, it was clear that the mall's insistence that Plaintiff Crump, Jr. immediately vacate the premises, was based solely on his disability.

15.

Plaintiff Demond Crump, Jr., was required to retain counsel for the filing and prosecution of this action. Plaintiff Crump, Jr., is entitled to have and recover from Defendants, reasonable damages, attorneys' fees, costs and expenses.

16.

This Court is vested with the authority to grant relief to Plaintiff, including ordering Defendants to alter their actions such that Defendants' onsite management does not deny, to persons with disabilities, full and equal access to, and the full use and equal enjoyment of Cumberland Mall and its facilities, to the extent required by the ADA.

## COUNT TWO

## INTENTIONAL INTERFERENCE WITH BUSINESS OPERATIONS

17.

Plaintiff Jewel Sanitary Napkins, LLC (hereinafter "Jewel") incorporates by reference the averments in paragraphs 1 through 16 above as if fully stated herein.

18.

Plaintiff Jewel is a for profit company engaged in the business of selling premium feminine products.

19.

Prior to July 11, 2025, in conjunction with Morehouse College, Jewel entered into a business competition in which it made a presentation of its business concept; the winner of the competition would have the opportunity to display and sell its products at Cumberland Mall during the weekend of Major League Baseball's (MLB) Allstar Weekend, in Atlanta, Georgia.

20.

Jewel took first place in the business competition and won the right to display and sell its products at Cumberland Mall during the entire MLB Allstar weekend, beginning on Friday, July 11, 2025 and concluding on Sunday, July 13, 2025.

21.

As a result of the MLB Allstar weekend taking place in the Metro Atlanta area, and in particular, at the Atlanta Braves Stadium located in Cobb County, less than a mile from Cumberland Mall, it was anticipated that hundreds of thousands of additional individuals would be in town to celebrate all of MLB's all-star weekend festivities.

22.

Plaintiffs were excited about the opportunity to promote, display and sell Jewel and its products at Cumberland Mall; it was looked upon as an opportunity to gain additional positive exposure and profit from the sale of its products.

23.

Unfortunately, Plaintiffs' excitement and optimism turned into a nightmare when the Crumps were informed that their disabled son was not only not welcome, but was being evicted from the premises.  Crump, Jr., was an integral and important member of the Jewel business; upon learning that he was not welcome in the mall, and Chris McCoy, the general manager of

Cumberland Mall, was unwilling to listen to reason or provide any explanation as to why Crump, Jr. was not welcome, Plaintiffs made the decision to avoid any further dispute, disagreement and unpleasantness; they packed up their business items and belongings, and left the premises.

24.

As a direct result of Defendants' intentional actions of discrimination against Crump, Jr., which led to his expulsion, Jewel not only lost the opportunity to gain additional positive exposure, revenue and profits from the sale of its products, it lost money and garnered voluminous unwanted, harmful, negative publicity.

25.

Jewel's brand and revenues suffered as a proximate cause of Defendants' actions, Defendants' intentional interference in Jewel's business, its personnel and operations decisions.

WHEREFORE, Plaintiffs hereby request judgment against Defendants and pray for the following additional relief:

(a) That the Court declares the subject property owned, operated, leased, controlled and administered by Defendants, to be in violation of the ADA;

(b) That the Court enter an Order requiring Defendants to make all necessary adjustments such that they discontinue any and all policies and/or actions that deny, to persons with disabilities, full and equal access to, and the full use and equal enjoyment of the Cumberland Mall facilities, to the full extent required by law;

(c) That the Court enter an order requiring Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities and to undertake remedial measures;

(d) That Plaintiffs be awarded damages in an amount established by the enlightened conscience of an impartial jury;

(e) That Plaintiff Jewel be awarded punitive damages in an amount established by the enlightened conscience of an impartial jury;

(e) That Plaintiffs be awarded reasonable attorneys' fees, costs and expenses, and all such further relief as is deemed just and proper.

Respectfully submitted, this 28th day of October, 2025.

**Taylor Duma LLP**

By: */s/ Michael D. Johnson*
Michael D. Johnson
Georgia Bar No. 399430
*mjohnson@taylorduma.com*

Morris Little
Georgia Bar No. 454260
*mlittle@taylorduma.com*
1600 Parkwood Circle, Suite #200
Atlanta, Georgia 30339
Ph. (678) 336-7294

***Counsel for Plaintiffs Demond Crump, Jr. and Jewel Sanitary Napkins, LLC***