IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEMOND CRUMP. JR. and )
JEWEL SANITARY NAPKIN, LLC )
)
   Plaintiffs, )
v. )  Civil Action No.:
)  1:25-cv-07260-SEG
CUMBERLAND MALL, LLC, CBRE )
GROUP, INC., BROOKFIELD )
CORPORATION, BROOKFIELD )
PROPERTIES, LLC, BROOKFIELD )
PROPERTY PARTNERS, LP, and )
BROOKFIELD PROPERTIES )
RETAIL, INC., )
)
   Defendants. )

<u>DEFENDANTS CUMBERLAND MALL, LLC, BROOKFIELD
CORPORATION, BROOKFIELD PROPERTY PARTNERS, L.P., AND
BROOKFIELD PROPERTIES RETAIL, INC.'S MOTION TO DISMISS AND
BRIEF IN SUPPORT</u>

Cumberland Mall, LLC, Brookfield Corporation, Brookfield Property

Partners, L.P. and Brookfield Properties Retail, Inc. (collectively "Cumberland

Mall") move the Court to dismiss Plaintiffs' Complaint pursuant to Federal Rules

of Civil Procedure 12(b)(1) and (6).

## I.   INTRODUCTION AND BACKGROUND

Plaintiffs have filed suit claiming Cumberland Mall violated Title III of the

Americans with Disabilities Act ("ADA") by allegedly requesting Plaintiff

Demond Crump, Jr. ("Mr. Crump") to leave the mall due to his disability.  Mr.

Crump suffers from Cerebral Palsy and requires use of an electronic and motorized wheelchair.  [Docket 1 - Complaint at paragraphs 8 and 14 a and b] On July 11, 2025, Mr. Crump, along with his parents, went to the mall for the purpose of displaying and selling products from their business, Jewel Sanitary Napkin, LLC ("Jewel"). [Docket 1 - Complaint at paragraph 14d]  Plaintiffs were given this opportunity to display Jewel's products at the mall for one weekend as the prize for winning a competition at Morehouse College. [Docket 1 - Complaint at paragraph 20]

Mr. Crump and his parents set up their display and products at a booth site dictated by Cumberland Mall.  [Docket 1 - Complaint at paragraph 14g]  At some point during the set-up of the display in the booth, Plaintiffs allege that the manager of the mall, Chris McCoy, said he did not want Mr. Crump to be in the mall. [Docket 1 - Complaint at paragraph 14h]  Plaintiffs allege that Chris McCoy was evicting Mr. Crump and that he had to leave the mall.  [Docket 1 - Complaint at paragraphs 14i and j] After some back and forth between Plaintiff's father (Demond Crump, Sr.) and the mall manager, Mr. McCoy allegedly said that the whole family could also leave the mall along with Mr. Crump.  [Docket 1 - Complaint at paragraphs 14k – m]  Plaintiffs allege the request for Mr. Crump to leave was solely due to his disability.  [Docket 1 - Complaint at paragraph 14]

Plaintiffs allege that Mr. Crump was part of the Jewel family business, and his eviction ended their ability to display their products, causing Jewel to lose a

business opportunity, including gaining positive exposure and profits from the sale of products.  [Docket 1 – Complaint at paragraph 24]

Plaintiffs' Complaint should be dismissed for several grounds.  First, Plaintiffs lack standing to bring the Title III ADA claim in Count I because they fail to adequately allege a real and immediate threat of future discrimination or harm.  Second, to the extent Plaintiff Jewel Sanitary Napkin, LLC alleges an ADA violation in Count I, such claims are not cognizable because a corporate entity lacks standing under the ADA and must therefore be dismissed with prejudice. Third, to the extent Plaintiff Jewel Sanitary Napkin, LLC alleges tortious interference with business relations in Count II, that claim fails for two independent reasons.  Cumberland Mall was not a stranger to the alleged business relationship and thus could not tortiously interfere with it, and Plaintiffs fail to sufficiently allege causation of damages.  Defendants respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety and with prejudice.

## II.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  For a facial attack on a motion to dismiss for subject matter jurisdiction, the court reviews whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" and follows the standards similar to a motion for failure to state a claim.  *Houston v. Marod*

3

*Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11ᵗʰ Cir. 2013).  A complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (per curiam). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).  Conclusory allegations or allegations that are no more than a statement of legal conclusion "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679; *see also Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions devoid of further factual enhancement" will not be sufficient to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678; *Franklin*, 738 F.3d at 1251; *U.S. ex. rel. St. Joseph's Hosp., Inc. v. United Distributors, Inc.*, 918 F. Supp. 2d 1306, 1312 (S.D. Ga. 2013).

4

## III.    ARGUMENT

### A.    *Plaintiffs Lack Standing for Alleged Violation of Title III of the ADA.*

To establish standing for an Article III ADA claim, a plaintiff must demonstrate: (1) an "injury-in-fact"; (2) causal connection between the injury-in-fact and the acts of Defendant; and (3) the injury will be redressed with a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Shotz v. Cates*, 256 F.3d 1077 (11th Cir. 2001). "In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir 2013). There must be a "real and immediate – as opposed to merely conjectural or hypothetical – threat of future injury." *Kennedy v. Solano*, 735 Fed. Appx. 653 (11th Cir. 2018); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 132 (11th Cir. 2013).

Courts look to a four-factor test to analyze likelihood of future discrimination. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013). These factors include: (1) proximity of defendant's business to residence; (2) past patronage of the business; (3) definiteness of plan to return and (4) frequency of travel near defendant's business. *Id.* Mr. Crump cannot establish a

real and immediate threat of future injury. Although Plaintiffs' Complaint alleges that "should he decide to visit the facility in the future, for a similar purpose, [he] would expect to once again encounter the barriers described herein…" [Docket 1 – Complaint at paragraph 13], this is not sufficient to establish a definite plan to return. *Lujan*, 504 U.S. at 564; *Kennedy v. Solano*, 735 Fed. Appx. 653 (11th Cir. 2018)(dismissal proper where "someday" intention to return insufficient to show actual or imminent injury). Plaintiffs were operating a booth for a one-time sales event. [*See* Docket 1 - Complaint at paragraphs 19 – 21]  Plaintiffs fail to allege that they are in close proximity to the mall, that they regularly frequent the mall, that they routinely use the mall to sell their products, or that any alleged ADA non-compliant barrier will continue to exist such that the threat of real and immediate harm is anything more than conjectural. *Id.; see cf. Marod Supermarkets, Inc.*, 733 F.3d at 1337 (noting "the cause of the injury [architectural barrier] continues to exist, and the likelihood of Houston encountering that cause in the future depends only on Houston's own volition. Houston has been to the store in the past, he wants to return, and his frequent trips directly past the store render it likely that he would do so were it not for the alleged ADA violations in the Presidente Supermarket.") In contrast to *Marod Supermarkets*, there is nothing alleged in the complaint beyond speculation to suggest that Mr. Crump would again have a similar business opportunity to operate a booth at the mall for a one-time sales event, that he lives in close

proximity to the mall, or that he definitively intends to return to the mall at all. [*See* Docket 1 - Complaint at paragraphs 19 – 21]  A mere "someday" intent to return to the mall is insufficient to establish future injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Because Plaintiffs have failed to satisfy the four-factor test for likelihood of future discrimination, they lack standing to bring this claim, and Count I must be dismissed.

**B.    *Jewel Sanitary Napkin, LLC Cannot Sustain Any Claim for Alleged  Violation of the ADA.***

Both counts of Plaintiffs' complaint are based on alleged acts violating Title III of the ADA.  A claim for violation of Title III of the ADA requires the following elements: (1) a plaintiff was disabled within the meaning of the ADA; (2) plaintiff was discriminated due to the disability; and (3) the defendant owns or operates a place of public accommodation. *Marc v. Hartwig*, 2025 WL 3136222 (11th Cir. November 10, 2025).  As a corporation, Jewel does not suffer a disability.  To the extent that Jewel Sanitary Napkin, LLC's claims sound in alleged violations of Title III of the ADA (*see* Docket 1 - Complaint at paragraph 24), they should be dismissed.

### C.      *Jewel Sanitary Napkin, LLC Cannot Sustain a Claim for Tortious Interference with Business Relations.*

In Count II of the Complaint, Jewel seeks damages for intentional interference with business operations due to the inability to sell products that weekend at the mall.   Jewel alleges that as a result of this incident it lost potential future exposure, revenue and profits.  [Docket 1 – Complaint at paragraph 24] This claim sounds in tortious interference with business relations although not clearly defined as to the relationship at issue.  As stated above, to the extent the action of Defendants causing harm was a violation of Title III of ADA, this is not available to Plaintiff Jewel.

To the extent Plaintiffs assert a claim based on alleged separate conduct interfering with Jewel's operations at the mall, that claim also fails for two reasons. First, Plaintiffs fail to sufficiently allege that the mall acted without privilege or was a stranger to the transaction. Second, Plaintiffs fail to sufficiently allege any financial injury beyond speculative assertions.

To establish a claim for tortious interference with business relations, a plaintiff must show the defendant acted: (1) acted improperly and without privilege; (2) acted purposely and with malice with intent to injure; (3) induced a third party or parties not to enter into or continue a business relationship with plaintiff and 4) caused plaintiff financial injury.  *FTI Consulting, Inc. v. Secretariat Advisors, LLC*, 1:24-CV-1356-TWT, 2025 WL 756024 at*1(N.D. Ga.

March 7, 2025), *Integrated Micro Systems, Inc. v. NEC Home Electronics (USA, Inc.*, 174 Ga. App. 197 (1985). For the first element, a plaintiff must establish that the alleged tortfeasor was a "stranger" to the business relationship. *FTI Consulting, Inc. v. Secretariat Advisors, LLC*, 1:24-CV-1356-TWT, 2025 WL 756024 at*1(N.D. Ga. March 7, 2025). "Under the stranger doctrine, 'a plaintiff must show that the alleged tortfeasor is a third party or a stranger to the contract or business relation at issue.'" *Id.*, quoting, *Healthy-IT, LLC v. Agrawal*, 343 Ga. App. 660, 670 (2017). Where there are parties that are integral to a business or interwoven to contractual arrangement, they are not strangers and thus unable to tortiously interfere with those business relationships. *AMAC Two LLC v. Web, Ltd.*, 370 Ga. App. 119, 129 (2023).

In *AMAC*, the plaintiff failed to establish a claim for tortious interference with business relations as the alleged tortfeasor was not a stranger to the relationship. *Id.* AMAC entered into a lease with the defendant (Web Ltd.) to operate a restaurant in a commercial space. *Id.* at 119. There were other commercial spaces in the complex and disputes arose as to access to parking spaces in the lot provided by the landlord Web. *Id.* at 120. AMAC entered into a business relationship with another entity, Eagle, for valet parking services in the parking lot owned by Web. *Id.* at 128. Web reached out to Eagle directly and gave directions as to how parking would be provided. *Id.* at 128. AMAC alleged this direction constituted tortious interference with its business relations with

Eagle. AMAC's claim against the landlord Web failed as it was an inextricable part of the relationship and provider of the lot.  *Id.* at 129. Since Web was not a stranger to the relationship, there could be no tortious interference claim against it. *AMAC Two, LLC v. Web, Ltd.*, 370 Ga. App. 119 (2023).

While Plaintiffs fail to identify the specific relationship allegedly interfered with, the mall was integral to the business operations at issue, as the event occurred on its premises and contemplated granting contest winners access to the mall's property to display their products.  Like *AMAC*, Plaintiffs cannot state a claim for tortious interference against Defendants as they cannot establish the first element — acting improperly and without privilege — as the mall was an inextricable part of the business relationship.

Plaintiffs' claim also fails as they cannot establish the last element. Plaintiffs generally allege lost opportunity for positive  exposure, revenue and profit. [Docket 1 - Complaint at paragraphs 24 and 25]  These conclusory allegations do not allege, with the requisite specificity, any actual loss of business or non-speculative financial harm. General allegations of loss of existing or future business are insufficient. *FTI Consulting, Inc. v. Secretariat Advisors, LLC*, 1:24-CV-1356-TWT, 2025 WL 756024 at*1(N.D. Ga. March 7, 2025)(dismissing a tortious interference claim where allegations premised on the loss of potential business were deemed conclusory and insufficient).  Here, Plaintiffs simply speculate that they lost opportunities to gain business. This speculation is

insufficient to establish this necessary element. *AWP, Inc. v. Henry et al.*, 1:20-CV-01625-SDG, 2020WL6876299 at *9 (N.D. Ga. October 28, 2020). In *AWP,* dismissal of the plaintiff's count for tortious interference with business relations for failing to state a claim was appropriate due to the failure to include necessary allegations of lost business or financial harm. *Id.* at *9 ("AWP does not point to a single customer that has ended, or refused to enter into, a business relationship with it due to the Henry's alleged efforts. Going further, AWP has not alleged that it has actually lost any business. AWP instead relies on its speculation of what the Henrys could potentially do… Such speculation is not enough to survive a motion to dismiss.")

Therefore, Plaintiffs' failure to establish two of the elements necessary for a claim for tortious interference with business relations requires dismissal.

## IV.    CONCLUSION

For all of the foregoing reasons, the Complaint fails to plead any plausible claim for relief on behalf of either Plaintiff. Dismissal is therefore warranted. Accordingly, Defendants respectfully request that the Court dismiss the Complaint in its entirety.

[SIGNATURE TO APPEAR ON THE FOLLOWING PAGE]

ELLIS PAINTER

*s/ Tracy O'Connell*
TRACY O'CONNELL
Georgia Bar No. 553460
toconnell@ellispainter.com
Attorney for Cumberland Mall, LLC
Brookfield Corporation, Brookfield
Property Partners, L.P. and
Brookfield Properties, Retail, Inc.

24 Oglethrope Professional Boulevard
2nd Floor
Savannah, Georgia 31406
912-233-9700

*Crump et al. v. Cumberland Mall, LLC, et al.*
United States District Court, Georgia Northern – Atlanta Division, Case No. 1:25cv7260
**Defendants Cumberland Mall, LLC, Brookfield Corporation, Brookfield Property Partners,**
**L.P., and Brookfield Properties Retail, Inc.'s Motion to Dismiss and Brief in Support**

12

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C.  This pleading has been prepared in Times New Roman font, 14 point.

*s/ Tracy O'Connell*
TRACY O'CONNELL

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of the within and foregoing document on all parties in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This 10th day of February, 2026.

ELLIS PAINTER

*s/Tracy O'Connell*
TRACY O'CONNELL
Georgia Bar No. 553460
toconnell@ellispainter.com
Attorney for Cumberland Mall, LLC
Brookfield Corporation, Brookfield
Property Partners, L.P. and
Brookfield Properties, Retail, Inc.

24 Oglethorpe Professional Boulevard
2nd Floor
Savannah, Georgia 31412
912-233-9700

13